UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
DERICK GALETTE,                              :     **MEMORANDUM OPINION**
                    Petitioner,    :     **AND ORDER**
v.                                           :
                                             :     18 CV 3646 (VB)
UNITED STATES OF AMERICA,                    :     17 CR 400 (VB)
                    Respondent.    :
------------------------------------------------------x

Briccetti, J.:

      Derick Galette, proceeding pro se, moves under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, arguing that the United States Postal Service did not actually suffer a loss in this case, such that (i) his counsel was constitutionally ineffective in failing to object to the inclusion of the Postal Service's alleged loss in the calculation of his sentencing range and in determining the amount of restitution; and (ii) the order of restitution as to the Postal Service was illegal.

      For the following reasons, the motion is DENIED and the petition is dismissed.

## BACKGROUND

      The motion to vacate, petitioner's memorandum of law in support of the motion, and the government's papers in opposition, as well as the record of the underlying criminal proceedings, reflect the following.

      Between at least September 2016 and November 2016, petitioner bought or obtained gift cards that had been purchased using fraudulently obtained credit cards, used the gift cards to purchase money orders at various post offices, and then cashed the money orders at various post offices in Rockland County using for identification a fraudulent driver's license. He was arrested on November 4, 2016, at the Garnerville Post Office trying to cash three $398 money orders in the name of "Rodney Cook." When confronted by law enforcement officers, petitioner

1

falsely identified himself as "Rodney Cook" and produced a fraudulent Florida driver's license in that name. The officers seized the three "Rodney Cook" money orders and the "Rodney Cook" driver's license, as well as a fraudulently obtained Citibank credit card in the name of "Rodney Cook," thirteen additional $398 money orders, several thousand dollars in cash, and three gift cards.

Following petitioner's arrest, his attorney and the government engaged in plea negotiations, during which the government provided copies of 115 money orders, each in the amount of $398 and each made out to "Rodney Cook" at the address on the fraudulent driver's license recovered from petitioner at the time of his arrest. On June 26, 2017, petitioner waived indictment and pleaded guilty before Magistrate Judge Lisa Margaret Smith to a one-count felony information charging a conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2). Petitioner entered the plea pursuant to a plea agreement which contained a Sentencing Guidelines stipulation. As relevant here, the Guidelines stipulation provided that the loss amount was more than $40,000 but less than $95,000, such that the base offense level of 6 was increased by 6 offense levels. The stipulation also provided for a 2-level increase because the offense involved a fraudulent driver's license, and a 2-level decrease based on acceptance of responsibility, such that petitioner's final offense level was 12, his Criminal History Category was II, and the advisory sentencing range was 12-18 months' imprisonment.

Judge Smith conducted a thorough plea allocution that complied in all respects with Rules 7(b) and 11 of the Federal Rules of Criminal Procedure. Among other things, petitioner confirmed under oath that he read and understood his plea agreement and signed it freely and voluntarily. In addition, the issue of the applicable loss amount and restitution amount was discussed at length. In response to the government's statement that the money orders tied to the

2

conspiracy amounted to more than $95,000, petitioner's attorney contended that although "the entire conspiracy may have larger numbers" (Plea Tr. 32), the loss and restitution amount should be limited to the money orders issued in the name of "Rodney Cook" and other money orders linked directly to petitioner. (Plea Tr. 30-33). The government acceded to defense counsel's request, and the parties agreed that the loss amount, and thus the agreed-upon restitution amount, would be limited to the $46,168 worth of money orders made payable to "Rodney Cook" as well as the $6,368 worth of money orders made payable to petitioner in his own name, for a total of $52,536. (Plea Tr. 34-36). Petitioner specifically admitted that the total amount of money orders involved in the offense was at least $52,536. (Plea Tr. 39-40).

Prior to sentencing, the Probation Office prepared a presentence report ("PSR"), including a Guidelines calculation with a sentencing range of 15-21 months' imprisonment. The sentencing range in the PSR differed from the plea agreement because the Probation Office identified two Florida convictions that increased petitioner's criminal history category from II to III. The loss amount of $52,536 was consistent with the parties' agreement at the time of the plea.[1]

At sentencing on October 27, 2017, petitioner confirmed that he had read the PSR and discussed it with his attorney. Neither party objected to the factual statements in the PSR or its Guidelines calculation, which were adopted by the Court. (Sent'g Tr. 6-7). The Court sentenced petitioner to 15 months' imprisonment, which was at the bottom of the applicable sentencing range and in the middle of the agreed-upon sentencing range. The Court also ordered petitioner to pay restitution in the agreed-upon amount of $52,536, and signed a proposed restitution order that the government had provided to petitioner's counsel prior to sentencing. The restitution was

---

[1] Had the loss amount been between $15,000 and $40,000, the final offense level would have been 10, and the sentencing range would have been 10-16 months' imprisonment.

3

to be disbursed as follows: $27,492.69 to Citibank and the remaining $25,043.31 to the United States Postal Service.

Judgment was entered on October 31, 2017. Petitioner did not appeal his conviction or sentence. On April 23, 2018, petitioner timely filed the instant 2255 motion.

## DISCUSSION

Based on the record already before the Court and the Court's familiarity with the underlying criminal proceedings, petitioner's claims are entirely without merit and must be denied without a further hearing. Specifically, the Court finds that defense counsel provided constitutionally effective representation.

First, "counsel's representation [did not fall] below an objective standard of reasonableness," United States v. Hernandez, 242 F.3d 110, 112 (2d Cir. 2001), the first prong of the familiar ineffectiveness of counsel standard under Strickland v. Washington, 466 U.S. 668, 687 (1984). The claim that counsel was ineffective because she did not object to the loss amount—based on the assertion that the restitution order's "inclusion of the sum of $25,043.31 as loss incurred by the postal service was a case of 'double counting'" because the Postal Service "was fully paid and made whole for its money orders" (Pet.'s Memo. at 1)—is plainly frivolous.

Petitioner's "double-counting" assertion is based on a fundamental misunderstanding of what occurred here. The loss amount of $52,536 represents the total sum of the 116 fraudulent money orders issued in the name of "Rodney Cook," each in the amount of $398 (totaling $46,168), plus the 16 fraudulent money orders issued in petitioner's own name, each in the amount of $398 (totaling $6,638). Therefore, petitioner's counsel's failure to object to the loss amount was not in any way ineffective or unreasonable. The plea agreement, which petitioner does not challenge in any respect, contains a stipulation that the loss, for Guidelines purposes,

4

was between $40,000 and $95,000. Moreover, at the guilty plea proceeding, the loss amount issue was discussed at length in petitioner's presence, and the government acceded to petitioner's counsel's request that the loss amount and restitution obligation be limited to $52,536, based on the "Rodney Cook" money orders and the additional money orders in petitioner's name. Also, petitioner conceded under oath that the total amount of money orders involved in the offense was at least $52,536. Thus, counsel could hardly have been expected to object to a loss amount that had been agreed to in the plea agreement and in petitioner's plea allocution.

Moreover, although the Court need not reach the question of whether petitioner demonstrated "actual prejudice," the second prong under Strickland—meaning "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," United States v. Hernandez, 242 F.3d at 112; Hill v. Lockhart, 474 U.S. 52, 59 (1985)—the record reflects that petitioner was not prejudiced by his attorney's conduct in this case. Petitioner does not state in his 2255 motion—nor is there anything else in the record to suggest—that he would have gone to trial, or even attempted to seek a better plea deal, had his attorney not acted in an unreasonable manner. Indeed, the motion does not attack, or request to withdraw or vacate, petitioner's guilty plea. And, to the extent petitioner challenges his counsel's performance at sentencing, he does not and cannot show that there is "a reasonable probability that, but for counsel's substandard performance, he would have received a less severe sentence." Gonzalez v. United States, 722 F.3d 118, 130 (2d Cir. 2013). Had petitioner's counsel objected to the loss amount at sentencing, the objection would have been swiftly rejected, based on the plea agreement, the plea allocution, the fraudulently-obtained money orders, and the fraudulent "Rodney Cook" driver's license.

5

As to the restitution order itself, which merely allocates the loss between Citibank and the Postal Service, the Court accepts the government's sensible explanation that, as of date of sentencing, Citibank, the issuer of one of the fraudulently-obtained credit cards used in the scheme, had confirmed it had suffered a loss of $27,492.69; the remainder of the loss amount was designated to the Postal Service based on the government's understanding that other, as yet unidentified credit-card issuers exploited in the scheme would recoup their losses by way of "chargebacks" to the Postal Service. This does not mean that the amount allocated to the Postal Service constitutes 'double-counting." The loss is the loss, irrespective of to whom any restitution may ultimately be paid. And here, the loss, based on the evidence, the plea agreement, and petitioner's plea allocation, is $52,536.

In addition, to the extent petitioner claims the restitution order is illegal, or that his counsel was somehow ineffective for failing to object to the restitution order, a Section 2255 motion may not be used to challenge a non-custodial punishment, such as an order of restitution. See Kaminski v. United States, 339 F.3d 84, 87 (2d Cir. 2003). Of course, even if a 2255 motion could be used to challenge a restitution order, for the reasons set forth above, based on the evidence, the plea agreement, and the plea allocation, the restitution order correctly stated that the loss amount is $52,536.

Finally, there is no reason to hold any further hearing in this case. In light of this Court's familiarity with the underlying criminal proceedings, including the guilty plea proceeding and the sentencing hearing, and the fact that petitioner's assertions are conclusively contradicted by documentary evidence and the record already before the Court, no purpose would be served by expanding the record. Chang v. United States, 250 F.3d 79, 86 (2d Cir. 2001); see Raysor v. United States, 647 F.3d 491, 494 (2d Cir. 2011).

## CONCLUSION

Petitioner Derick Galette's motion under 28 U.S.C. § 2255 is DENIED and the petition is dismissed.

The Clerk is instructed to close case no. 18 CV 3646.

The Clerk is also instructed to mail a copy of this memorandum opinion and order to petitioner at the address on the docket in case no. 18 CV 3646.

As petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v United States, 369 U.S. 438, 444-45 (1962).

Dated: October 9, 2018
      White Plains, NY

                SO ORDERED:

                _____
                Vincent L. Briccetti
                United States District Judge